IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street SW, Suite 800 ) <br> Washington, DC 20024, ) <br>  ) <br> *Plaintiff*, ) <br>  ) Civil Action No. <br> v. ) <br>  ) <br> U.S. DEPARTMENT OF DEFENSE, ) <br> 1400 Defense Pentagon ) <br> Washington, DC 20301-1400, ) <br>  ) <br> *Defendant*. ) <br> _____ ) | |

## **COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

### **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### **PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Defense ("Defendant") is an agency of the United States government headquartered at 1400 Defense Pentagon, Washington, DC 20301-1400. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      In his recent book, Bob Woodward wrote that, in early 2021, Attorney General Merrick Garland and Joint Chiefs of Staff Chairman General Mark A. Milley met for lunch at the U.S. Department of Justice, during which they discussed then-former President Donald J. Trump and Chairman Milley pressed the attorney general to investigate domestic threats and "far-right militia groups." Woodward described the meeting as "highly unusual, if not unprecedented." Bob Woodward, *War* 177-78 (2024).

6.      On February 10, 2025, Plaintiff submitted a FOIA request to Defendant seeking access to the following:

> Records and communications including emails, email chains, email attachments, text messages, meeting minutes, outlook calendars, voice recordings, video recordings, correspondence, statements, letters, memoranda, letters, reports, briefings, cables, presentations, notes, or other form of record, regarding a meeting between Merrick Garland, Attorney General, DOJ, and General Mark Alexander Milley, former, Chairman of the Joint Chiefs of Staff, concerning:
>
> (1)     President or former President Donald J. Trump
> (2)     Domestic Violent Extremism
> (3)     Far-right Militia Movements.

The request asked that records be provided for the period "from January 7, 2021, to present."

7.      By letter dated February 13, 2025, Defendant acknowledged receiving Plaintiff's request on February 11, 2025 and advised Plaintiff that the request had been assigned FOIA case

number 25-F-2200. Defendant's letter also invoked FOIA's 10-day extension of time provision for "unusual circumstances."

8. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

<u>**COUNT I**</u>
**(Violation of FOIA, 5 U.S.C. § 552)**

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by March 26, 2025, at the latest. Because Defendant failed to make a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an

- 4 -

award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 1, 2025                                   Respectfully submitted,

                                                      */s/ Christina Bobb*
                                                      CHRISTINA BOBB
                                                      D.C. Bar No. 90021326
                                                      JUDICIAL WATCH, INC.
                                                      425 Third Street SW, Suite 800
                                                      Washington, DC 20024
                                                      Tel:    (202) 646-5172
                                                      Email: cbobb@judicialwatch.org

                                                      *Attorney for Plaintiff*